J-S64024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD FILMORE THOMAS, III, | |
| Appellant | No. 765 MDA 2017 |

Appeal from the Judgment of Sentence April 17, 2017
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0001300-2016

BEFORE:  PANELLA, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 16, 2017**

Appellant, Richard Filmore Thomas, III, appeals from the judgment of sentence entered on April 17, 2017, following his guilty plea to burglary, 18 Pa.C.S. § 3502(a)(4).  Appellate counsel has filed a petition to withdraw representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After review, we grant counsel's petition to withdraw, and we affirm the judgment of sentence.

We turn to the relevant affidavit of probable cause sworn by Pennsylvania State Trooper Damian F. Moran for the factual history:

_____

[*]  Former Justice specially assigned to the Superior Court.

On 06/14/16 [Pennsylvania State Trooper] Michael Fortley and I were working in full uniform . . . . At approx. 0249hrs[.] I was dispatched to . . . Adams County for a report of a person caught rifling through the office in the outbuilding.

Upon arrival I spoke with Jared Tyler HECKENLUBER at that time he related he was outside of his house, at approx. 0230hrs. . . . when he saw a flashlight on in the barn and went in to investigate who was in there. HECKENLUBER said none of the doors on their property are regularly locked and this building was no exception. When he got inside he found [Appellant] walking around upstairs in the building, [Appellant] was wearing a long sleeve shirt, jeans and had on gloves with a flashlight in one hand, there was also a black trash bag sticking out of his back pocket. HECKENLUBER said he knew [Appellant] from high school and was able to positively identify him through a picture on the computer terminal I showed him.

While I was investigating the scene I observed several piles of power tools in different locations of the building, a pile of hand tools with a spool of copper wire, a pile of drill bits, a .22 [caliber] rifle and a black garbage bag filled with other items. HECKENLUBER told me all of the above mentioned items had been taken from different locations in the building and placed into these piles. HECKENLUBER said a set of keys, which unlock all of the buildings on the property, was taken from the desk lap drawer. HECKENLUBER said he estimated the value of all the items that would have been stolen was over $1000.

Affidavit of Probable Cause, 6/24/16, at 1.

On January 17, 2017, Appellant entered an open guilty plea to burglary graded as a second-degree felony. Following a presentence investigation ("PSI"), the common pleas court sentenced Appellant on April 17, 2017, to twenty-one to sixty months of imprisonment. Appellant filed a post-sentence motion on April 26, 2017, which the trial court denied on April 26, 2017. This timely appeal followed.

- 2 -

On May 10, 2017, the trial court ordered the filing of a concise statement of matters complained of on appeal. Counsel timely filed a statement indicating that he intended to seek to withdraw pursuant to *Anders*.[1] *See* Pa.R.A.P. 1925(c)(4) ("In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an *Anders/McClendon* brief in lieu of filing a Statement."). On June 6, 2017, the trial court filed a statement in which it advised that it would not file an opinion due to counsel's intention to seek to withdraw representation.

Before we address the question raised on appeal in the *Anders* brief, we must resolve appellate counsel's request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). *See Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005) (stating, "When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.").

There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has

---

[1] *Anders* sets forth the requirements for counsel to withdraw from representation on direct appeal. *See also Santiago*, 978 A.2d 349 (applying *Anders* in state court).

determined that the appeal would be frivolous; 2) furnish a copy of the brief to [his client]; and 3) advise [his client] that he or she has the right to retain private counsel or raise additional arguments that the [client] deems worthy of the court's attention.

***Cartrette***, 83 A.3d at 1032 (citation omitted).

In addition, our Supreme Court, in ***Santiago***, stated that an ***Anders*** brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Appellant's counsel has complied with the first prong of ***Santiago*** by providing a summary of the procedural history in the ***Anders*** brief. He has satisfied the second prong by referring to any evidence in the record that he believes arguably supports the appeal. Counsel also set forth his conclusion that the appeal is frivolous and stated his reasons for that conclusion, with appropriate support. Moreover, counsel filed a separate motion to withdraw as counsel, wherein he stated that he examined the record and concluded that the appeal is wholly frivolous. Further, counsel has attempted to

identify and develop any issues in support of Appellant's appeal. Additionally, counsel sent a letter to Appellant, and he attached a copy of the letter to his *Anders* Brief. In the letter counsel stated that he informed Appellant that he has filed an *Anders* brief, and he apprised Appellant of his rights in light of the motion to withdraw as counsel. Appellant has not filed any response to counsel's motion to withdraw.

Based on the foregoing, we conclude that the procedural and briefing requirements of *Anders* and *Santiago* for withdrawal have been met. Therefore, we now have the responsibility to make an independent judgment regarding whether the appeal is in fact wholly frivolous. *Commonwealth v. Tukhi*, 149 A.3d 881, 886 (Pa. Super. 2016).

In the *Anders* brief, counsel presents the following issue for our review:

> Whether the lower court abused its discretion in sentencing Appellant to an aggravated range of 21 to 60 months in state prison.

*Anders* Brief at 6.

This issue presents a challenge to the discretionary aspects of Appellant's sentence. Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right, and his challenge in this regard is properly viewed as a petition for allowance of appeal. *See* 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987); *Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super. 2000). An

appellant challenging the discretionary aspects of his sentence must satisfy a four-part test. We evaluate: (1) whether Appellant filed a timely notice of appeal; (2) whether Appellant preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code. *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010); *Sierra*, 752 A.2d at 912–913.

In the instant case, Appellant filed a timely appeal, the issue was properly preserved in his post-sentence motion, and the *Anders* brief contains a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence pursuant to Pa.R.A.P. 2119(f). Accordingly, we must determine whether Appellant has raised a substantial question that the sentence is not appropriate under 42 Pa.C.S. § 9781(b). *Moury*, 992 A.2d at 170.

Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question we evaluate on a case-by-case basis. *Commonwealth v. Rush*, 162 A.3d 530, 543 (Pa. Super. 2017). As to what constitutes a substantial question, this Court does not accept bald

assertions of sentencing errors; an appellant must articulate the reasons the sentencing court's actions violated the sentencing code. ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006).

In his Pa.R.A.P. 2119(f) statement asserting that his sentence was excessive, Appellant lists eight purported mitigating factors that compelled the court to impose "a lower sentence." ***Anders*** Brief at 10. The trial court noted Appellant had a prior record score of five and an offense gravity score of five. Sentencing Order, 4/18/17. The standard Guidelines range was "12 to 18" months "with an aggravated range of plus three." ***Id***.

A claim that the trial court failed to consider mitigating factors in sentencing generally does not raise a substantial question. ***Commonwealth v. Rhoades***, 8 A.3d 912, 918–919 (Pa. Super. 2010). ***See Commonwealth v. Johnson***, 961 A.2d 877, 880 (Pa. Super. 2008) (claim that court failed to consider mitigating factors in imposing consecutive sentences did not raise substantial question); ***Commonwealth v. Bullock***, 868 A.2d 516, 529 (Pa. Super. 2005) (where no specific provision of sentencing code or fundamental norm is identified in claim that court failed to consider mitigating factors, no substantial question raised). Here, Appellant complains the trial court failed to consider mitigating factors; this issue does not raise a substantial question.

Even if it raised a substantial question, the issue lacks merit. In the sentencing order, the court indicated it received and reviewed the PSI

report. Order, 4/17/17. Additionally, the court entertained comment from both Appellant and his mother, who reiterated the mitigating factors Appellant now states were ignored. N.T. (Sentencing), 4/17/17, at 3–5. We assume, when a sentencing court was provided a PSI report, that the trial court was aware of the relevant information regarding the defendant's character and weighed that information with other relevant mitigating factors. *Rhoades*, 8 A.3d at 919. Accordingly, Appellant's claim has no merit.

We have independently reviewed the record in order to determine if counsel's assessment about the frivolous nature of the present appeal is correct. *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (after determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must conduct an independent review of the record to determine if there are additional, non-frivolous issues overlooked by counsel). After review of the issues raised by counsel and our independent review of the record, we conclude that an appeal in this matter is frivolous. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2017